**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marvin POSTADAN, Defendant—
Appellant.**

**No. 05–10335.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2006.

Filed Nov. 8, 2006.

Chris A. Thomas, USH—Office of the U.S. Attorney PJKK, Honolulu, HI, for Plaintiff–Appellee.

Deanna S. Dotson, Esq., Kapolei, HI, for Defendant–Appellant.

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

## MEMORANDUM *

On July 16, 2004, Marvin Postadan pleaded guilty to: (1) conspiracy to possess 50 grams or more of methamphetamine with intent to distribute, (2) possession of 50 grams or more of methamphetamine with intent to distribute, and (3) conspiracy to commit money laundering. The district court held a sentencing hearing where it made factual findings by a preponderance of the evidence standard. On the basis of those findings, the district court used the United States Sentencing Guidelines ("Guidelines") to determine Postadan's advisory sentence range before sentencing him to 200 months in prison.

Postadan contends that his Sixth Amendment right to a jury trial was violated by the judicial fact-finding at sentencing. He also contends that his Fifth Amendment due process rights were violated because the district court used the preponderance of the evidence standard rather than the clear and convincing evidence standard at the sentencing hearing. Finally, Postadan contends that his sentence was unreasonable because the district court sentenced him to a longer term than the terms imposed on his co-defendants. Because the parties are familiar with the facts and procedural history of this case, we will not recount them here except where necessary.

We review sentences for "unreasonableness" in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Cantrell*, 433 F.3d 1269, 1278 (9th Cir. 2006). The reasonableness of a sentence is

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

informed by all of the § 3553(a) factors, including the Guidelines range. *See United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir.2006). We review *de novo* whether the district court applied the correct standard of proof at sentencing. *See United States v. Dare*, 425 F.3d 634, 638 (9th Cir.2005). Whether the district court correctly applied the Guidelines to the facts of the case is reviewed for abuse of discretion. *See Cantrell*, 433 F.3d at 1279. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

 First, Postadan contends that the district court violated his Sixth Amendment right to a jury trial when it made factual findings at sentencing. This argument fails because it is well-settled that judicial fact finding, within the context of the advisory Guidelines, does not violate a Sixth Amendment right to jury trial. *See United States v. Booker*, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Williamson*, 439 F.3d 1125, 1140 (9th Cir.2006).

Postadan next argues that the district court violated his Fifth Amendment due process rights when it used the preponderance of the evidence standard to make factual findings at sentencing. The Supreme Court has recognized that the Fifth Amendment may be satisfied when the preponderance of the evidence standard is used by a trial court to make sentencing determinations. *See McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). This remains true after *Booker*. *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir.2005). Although the requirement of a clear and convincing standard of proof in the case of sentencing factors having a disproportionate effect on the sentence survives *Booker*, *see United States v. Staten*, 466 F.3d 708, 717 (9th Cir.2006), that requirement does not apply to factual determinations of drug quantity. *See United States v. Rosacker*, 314 F.3d 422, 430 (9th Cir.2002). The other factual determinations by the sentencing judge did not have a disproportionate impact on Postadan's sentence.

Finally, Postadan asserts that the district court's sentencing determination was unreasonable because the district court sentenced him to a longer term than the terms imposed on his co-defendants. This circuit has articulated a two-step analysis for determining the reasonableness of a pre-*Booker* sentence. *See Cantrell*, 433 F.3d at 1279. The first step is satisfied because the district court correctly applied the Sentencing Guidelines to the facts warranting enhancements for leadership and obstruction of justice, factors not shared by Postadan's co-defendants. *See id.* at 1280 & n. 4. The second step is satisfied because the district court applied the relevant factors enumerated in 18 U.S.C. § 3553(a). *See id.* at 1280–81. Accordingly, Postadan's sentence was reasonable.

For the reasons set forth above, we affirm the district court.

AFFIRMED.